IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILVER SOSA LOPEZ,

    Petitioner,

v.                                                                               No. 2:26-cv-00049-MLG-GBW

KRISTI NOEM, United States Secretary of Homeland
Security; PAMELA BONDI, Attorney General of the
United States; TODD M. LYONS, Acting Director,
United States Immigration and Customs Enforcement;
MARISA FLORES, El Paso Field Office Director,
Enforcement and Removal Operations, United States
Immigration and Customs Enforcement; DORA
CASTRO, Warden, Otero County Processing Center,
all named in their official capacities,

    Respondents.

**ORDER GRANTING PETITIONER'S REQUEST FOR AN ORDER TO SHOW CAUSE**

Petitioner Wilver Sosa Lopez had his U.S. Legal Permanent Resident ("LPR") status revoked in July 2014 and was ordered removed. Doc. 1 at 4 ¶¶ 17-18, 20-21. Notwithstanding the immigration court's order, U.S. Immigration and Customs Enforcement ("ICE") could not remove Sosa Lopez to Cuba, his country of origin, within the reasonably foreseeable future. *Id.* ¶¶ 17, 21. After five months of unsuccessful attempts, ICE released Sosa Lopez from detention—subject to conditions outlined in an Order of Supervision ("OSUP")—pending his deportation. *Id.* ¶ 21. Sosa Lopez alleges that despite eleven years of "dutifully attend[ing] all ICE check-ins and compl[ying] with all conditions of his release," his OSUP was revoked on July 15, 2025, and he was immediately taken into ICE custody. *Id.* ¶¶ 22-23.

Sosa Lopez has been detained at Otero County Processing Center in Chaparral, New Mexico, for the last six months and alleges he has not been afforded an opportunity to contest his

1

re-detention. *Id.* at 2 ¶ 7, 4-5 ¶ 24. He petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting (among other forms of relief) his immediate release from detention, as well as an order from the Court prohibiting his transfer outside of the District of New Mexico "pending litigation of this matter or his removal proceedings." Doc. 1 at 13.

Upon consideration of the Petition and Sosa Lopez's request for an Order to Show Cause, the Court finds that a responsive pleading is required before it can rule on any form of habeas relief. *See id.* at 2 ¶ 6, 13. Therefore, the Court directs the Clerk's Office[1] to forward a copy of Sosa Lopez's Petition, Doc. 1, as well as this Order, to the United States, its agencies, its officers, and Respondent Warden Castro at the Otero County Processing Center. The Court orders the United States Attorney's Office for the District of New Mexico to respond to the Petition within ten (10) days[2] of receipt and show cause why Sosa Lopez's Petition should not be granted.[3] If Petitioner desires to file a reply, he must do so within three (3) days of the filing of the response.

---

[1] The Rules Governing Section 2254 Cases ("Section 2254 Rules") permit district courts to "apply any or all of these rules to a habeas petition not covered [under § 2254]." Rule 1(b). *Accord Boutwell v. Keating*, 399 F.3d 1203, 1210-11 n.2 (10th Cir. 2005) (noting that the district court has discretion to apply Section 2254 Rules to § 2241 petitions for writs of habeas corpus). Section 2254 Rule 4 requires service to be effectuated by the clerk of the court and need not include a summons ("In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.").

[2] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6(a).

[3] Sosa Lopez asks the Court to order the Respondents to show cause within three days, citing § 2243 for the proposition that this timeline is mandatory. *See id.* (stating that the "order to show cause shall be directed to the person having custody of the person detained" and "shall be returned within three days . . . ."). The Court declines to adopt this timeline for good cause. *See id.* (clarifying that the response "shall be returned within three days unless for good cause additional time . . . .); *see also* Section 2254 Rule 4 (granting the Court discretion to fix a time for Respondents to file an answer).

The Court will determine whether a hearing on the Petition is necessary once briefing is complete.[4]

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[4] Note that the Court does not permit remote appearances. So, all interested counsel must appear for any hearings in person.