**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

_____

WILVER SOSA LOPEZ,

     Petitioner,

v.                                      No. 2:26-cv-00049-MLG-GBW

MARKWAYNE MULLIN, United States Secretary of
Homeland Security;[1] PAMELA BONDI, Attorney General
of the United States; TODD M. LYONS, Acting Director,
United States Immigration and Customs Enforcement;
MARISA FLORES, El Paso Field Office Director,
Enforcement and Removal Operations, United States
Immigration and Customs Enforcement; DORA
CASTRO, Warden, Otero County Processing Center,
all named in their official capacities,

     Respondents.

**<u>ORDER GRANTING PETITIONER'S MOTION FOR STATUS CONFERENCE</u>**

This matter is before the Court following Petitioner Wilver Sosa Lopez's Motion for Status

Conference, Doc. 8, to "expedite disposition of the action, narrow any issues[,] and to determine

whether additional briefing is necessary[.]" The Court finds the Motion well-taken.

The Court hereby orders an in-person status conference[2] on Friday, April 10, 2026, at

11:00am MT, at the United States District Court for the District of New Mexico, Pete V. Domenici

Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM, 87102, in the Cimarron Courtroom.

Respondents shall provide any relevant evidence that demonstrates Sosa Lopez was given

a reason for the revocation of his Order of Supervision ("OSUP") and an opportunity to pursue a

---

[1] Secretary Mullin is automatically substituted for his predecessor under Federal Rule of Civil
Procedure 25(d).

[2] The Court generally does not permit remote appearances. All interested counsel must appear for
hearings in person.

pre-deprivation hearing. *See* 8 C.F.R. § 241.4(l)(1) ("Upon revocation, the [noncitizen] will be notified of the reasons for revocation of his or her release or parole. The [noncitizen] will be afforded an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification."); *see also* Doc. 6-6 ("You will promptly be afforded an informal interview at which you will be given an opportunity to respond to the reasons for the revocation. If you are not released after the informal interview, you will receive notification of a new review, which will occur within approximately three months . . . .").

Respondents must also be prepared to demonstrate that there is a significant likelihood of removability in the reasonably foreseeable future while also adhering to its obligation to make a formal finding regarding Sosa Lopez's claim of fear of future harm and torture if removed under the United States' third–country removal agreement with Mexico. *See* Doc. 1 at 5 ¶¶ 25-27; Doc. 6 at 2 (citing 8 C.F.R. § 1208.16(f)); s*ee generally* 8 U.S.C. § 1231(b)(3)(A), (C) (restricting the Government from removing a noncitizen to any country where he has a credible fear of future persecution or torture); 8 C.F.R. §§ 208.1, 208.16; *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("We have found nothing in the history of [immigration] statutes that clearly demonstrates a congressional intent to authorize indefinite, perhaps permanent, detention. Consequently, interpreting the statute to avoid a serious constitutional threat, we conclude that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized . . . .").

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA